Sewall, J.
I concur with my brother in rejecting the motion ; but it is upon another ground. The facts sworn by this witness do not warrant the charge of gross misbehavior, or show any im propriety of conduct in the jury sufficient, in my opinion, to invalidate their verdict. (1) , And upon the other point to which the *404 witness speaks, he is not to be believed or heard. The record of a verdict implies a unanimous consent of the jury, and is conclusive and incontrovertible evidence of the fact. Besides, the secret intention or mental act of a juror can never be a subject of legal inquiry, and, from the necessity of the case, his conduct before the court is the best and only evidence that can be admitted of his assent to a verdict delivered in his presence. With respect to the conduct of the jury among themselves previous to their verdict, the testimony of a juror may be admitted as to overt acts, which maj be the subject of legal inquiry, and in that each member of the jury may be a competent witness. And when, upon such [ * 543 ] evidence, any gross misbehavior or legal * impropriety of conduct, sufficient to destroy the credit of a verdict, shall be made to appear, a verdict thus invalidated ought to be set aside. But this has not happened in the present case. The members of a jury, before they agree, must argue the questions of the case committed to them, and each man may be supposed to express his opinion as to the general question for which party the verdict shall be, and, if for the plaintiff, for what amount of damages. It is not important, as it strikes me, by what method a sum for damages shall be proposed, if finally there is a unanimous assent of the jury in the sum declared by their verdict. (1)
Parker and Wilde for the plaintiff".
S. Thacher and W. Crosby for the defendant.
Sedgwick, J., gave no opinion upon the effect of the evidence: but the motion was rejected.

 Upon a motion to set aside a verdict upon an affidavit of two jurors, who swore that the jury, being divided in their opinion, tossed up, and that the plaintiff’s friends won,
Lord Mansfield said, the court cannot receive such an affidavit from any of the jurymen themselves, in all of whom such conduct is a very high misdemeanor; but in every such case, the court must derive their knowledge from some other source ; such as from some person having seen the transaction through a window, or by some such other means; and the rule was refused. (1 Durnf. East, 11. Vaise vs. Delaval.)
So where, upon a motion for a new trial, the affidavit of the foreman of the jury was produced, to prove that the verdict was decided by lot. Lord Chief Justice Mansfield, after consulting the judges of the other courts, delivered the opinion of the Court of Common Pleas, that the affidavit of a juror could not be received. His lordship observed, that it was singular that almost the only evidence of which the case admits should be shut out; but considering the arts which might be used if a contrary rule should prevail, he thought it necessary to exclude such evidence; and his lordship *404 suggested, that if it were understood that verdicts might be thus set aside, a juror friendly to one of the parties might propose a decision by lot, with a view to such a result. (Brooke vs. White, 1 Bos. & Pul. N. S.) [Owen vs. Warburton, 1 N. R. 326.—Ed.]
In a similar case, which arose in the Supreme Court of Pennsylvania, Yeates, Justice, delivered his opinion at length, that the deposition of one of the jurors that they decided their verdict by lot ought not to be received. The other justices gave no opinion upon this point. Claggage vs. Swan. 4 Bin. Rep. 350.
[Affidavits of jurymen will not be received to impeach a verdict.—Dana vs. Tucker 4 Johns. Rep. 487. Sargeant vs. Denniston, 6 Cowen, 106. Ex parte, Kendall, 6 Cowen, 53.—People vs. Columbia. Common P eas, 1 Wend. 297.—Robbins vs Wendover, 2 Tyler, 13.—3 Gill. Johns. 473.— Willing vs. Swasey, 1 Browne, 132. —Bladen vs. Cockey, 1 Har. & M'Hen. 230.—Saville vs. Ld. Farnham, 2 Man. & Ry 216.—Ed.]

 Upon a rule to show cause why a new trial should not be had, it appeared that the jurors, not agreeing as to the finding of a verdict, voted for one; that the votes oi seven of them were for finding it as it was found, and that no objection was made by the other five when the verdict was given.
The rule was discharged.
And by the Court. Nothing in this case was determined by chance. The five jurors might ultimately be convinced by the seven. But if they only acquiesced in the finding of the verdict, that is sufficient; and they shall not now be received to say that they did not acquiesce. Lawrence vs. Boswell, Say. Rep. 100